```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

JESSE DERRICK BOND                :     CIVIL ACTION
                                  :
       v.                         :
                                  :
WILLIAM S. STICKMAN, et al.       :     NO. 02-cv-09132-JF

<u>MEMORANDUM AND ORDER</u>

Fullam, Sr. J.                                      April 25, 2006

       Petitioner, Jesse Derrick Bond, was sentenced to a lengthy term of imprisonment, consecutive to the sentences for two murder convictions, on June 6, 1994.  The Pennsylvania Superior Court affirmed that judgment on November 14, 1995.  Subsequently filed applications for relief under the Pennsylvania Post-Conviction Relief Act (PCRA) were dismissed as untimely, and the appeal from that decision was dismissed for failure to file a brief.

       The present petition for habeas relief was filed on December 19, 2002, and referred to a magistrate judge for report and recommendation.  The magistrate judge filed a report recommending that the petition be dismissed with prejudice as untimely filed.  Petitioner filed objections to the magistrate's report.  Decision has been delayed pending the disposition of Mr. Bond's two related petitions stemming from his murder convictions.

       The magistrate judge's report demonstrates, conclusively, that the petition now under consideration was not

timely filed and must be dismissed.  Petitioner's *pro se* objections to the magistrate's report assert, for the first time, that all concerned have mis-read the record in his case, and that his application to this court for habeas relief is not only timely, but actually filed prematurely, and should be dismissed without prejudice for failure to exhaust state remedies.  This remarkable assertion is based upon petitioner's contention that the state courts have not yet disposed of a petition for PCRA relief which he filed on December 31, 1996, and which is still pending, resulting in a continuing tolling of the limitations period.  In support of this assertion, petitioner has submitted a document which purports to be page number 6 of the docket in the Common Pleas Court.  If authentic, this document does indeed reflect that, <u>in the same case</u>, petitioner filed three applications under the PCRA, one on December 31, 1996, another on January 14, 1997, and a third on April 22, 1998.  Thereafter, according to this document, counsel was appointed for petitioner on May 6, 1998; counsel was advised on October 7, 1998 to file either an amended petition or a "Finley letter" (reflecting lack of merit); the Finley letter was subsequently filed, and counsel were notified that the petition would be dismissed as untimely, without a hearing.

An amended PCRA petition was filed on January 22, 2001, and was dismissed because of untimeliness on May 10, 2001.  I do

not believe it reasonable to attempt to interpret these docket entries as not having disposed of petitioner's PCRA application(s), in their entirety.  It is simply inconceivable that any vestige of those applications remains pending in the Court of Common Pleas.  Accordingly, petitioner's objections to the magistrate's report will be overruled, and the report and recommendation adopted.

       An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

JESSE DERRICK BOND             :      CIVIL ACTION
                               :
         v.                    :
                               :
WILLIAM S. STICKMAN, et al.    :      NO. 02-cv-09132-JF

ORDER

AND NOW, this 25th day of April 2006, upon consideration of the Report and Recommendation of Magistrate Judge Melinson, and petitioner's objections thereto, IT IS ORDERED:

    1.  The Magistrate Judge's Report and Recommendation is APPROVED and ADOPTED.

    2.  The Petition of Jesse Derrick Bond for a Writ of Habeas Corpus is DISMISSED, with prejudice, as having been filed too late.

    3.  A certificate of appealability is DENIED.

                             BY THE COURT:

                             /s/ John P. Fullam
                             John P. Fullam, Sr. J.